UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND 20770  
301-344-0632

# MEMORANDUM

TO:         Xavier Eccleston

               I.D. #53853-037  
               Federal Correctional Institution  
               P.O. Box 1000  
               Cumberland, MD 21501

FROM:     Judge Peter J. Messitte

RE:         *United States v. Xavier Eccleston*  
               Crim. Case No. PJM 11-567

DATE:     November 24, 2015

****

The Court has received your correspondence dated October 13, 2015, October 22, 2015, October 26, 2015, and November 12, 2015. ECF Nos. 471, 476, 477, 480, in which you request (1) appointment of new counsel for the purposes of filing a petition for writ of certiorari to the Supreme Court, or, in the alternative, (2) lifting the Protective Order in this matter.

The Court denies your request for appointment of counsel. You do not have a constitutional right to counsel for filing a petition for writ of certiorari to the Supreme Court. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). As is within its discretion, the Court declines to appoint you counsel at this stage of your proceedings.

The Court also denies your request for lifting of the Protective Order. As you may recall, this Protective Order bars you from having personal copies of certain wiretap recordings of phone calls and other evidence. It did not bar your prior counsel from possessing and reviewing these materials, nor did it bar you from reviewing these materials provided that you did so in the presence of counsel. As is apparent from the letter you attached from your most recent counsel, Anthony D. Martin, Esq., the Government maintains that turning over these materials to you personally would threaten the safety concerns of cooperating witnesses. ECF No. 476-1.

When considering whether to unseal certain documents in a judicial proceeding, a court "must consider and balance the harm that might result from disclosure against the countervailing need for disclosure." *United States v. King Pharmaceuticals, Inc.*, 806 F. Supp. 2d 833, 843 (D. Md. 2011). The Court still finds that, on balance, the continuing safety concerns of the cooperating

witnesses outweigh the need for disclosure of these materials in this case. Thus, the Court declines to approve your request to lift the Protective Order.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc: Court File
AUSA David Salem