IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | Crim. No. PJM 11-0567 |
| | * | |
| XAVIER D. ECCLESTON | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

Xavier D. Eccleston has filed a Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on Amendment 782 to the United States Sentencing Guidelines. ECF No. 549. The Government agrees that Eccleston is eligible under Amendment 782 but opposes any reduction of his sentence. ECF No. 553. For the reasons set forth below, the Court **GRANTS** the Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a drug conspiracy involving the sale of cocaine and crack cocaine in the Kentlands area of Prince George's County, Maryland, between June 2010 and September 2011. ECF No. 522. Phillip Whitehurst, who led the conspiracy (the "Kentland Drug Organization" or "Whitehurst crew"), oversaw a crew of several men who had varying roles in the organization. *Id.* A jury found him guilty of a drug conspiracy involving the sale of cocaine and crack. *Id.*

Eccleston, a friend of Whitehurst, was charged in a Fourth Superseding Indictment with conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 (Count One), use of communications device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b)

(Counts Eight and Ten), and possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Nine and Eleven). ECF No. 210. A jury found him guilty on all counts. ECF No. 255.

Eccleston's trial began on September 11, 2012, before Judge Alexander Williams, Jr., and lasted six days. Various members of the Whitehurst crew testified for the Government. Several co-operators testified that Eccleston was a customer—not a member of the conspiracy. ECF No. 522. However, at trial, one cooperating witness testified that Eccleston had assaulted him and threatened his family unless he agreed to lie to the jury and testify that Eccleston was only a user of cocaine and not a distributor. ECF No. 276. A second co-operator refused to testify because he was too concerned for his safety. *Id.*

Eccleston was represented at the trial level by Criminal Justice Act ("CJA") attorney Anthony Martin, Esquire. About two weeks after his initial appearance, Martin advised Eccleston of what he believed was his possible sentencing range, specifically, that his criminal history appeared to be Category VI so that his custody range under the Sentencing Guidelines based on an Offense Level of 32 would be between 210 and 262 months. ECF No. 522-1. At least two more times before trial, Martin advised Eccleston, in writing, of his opinion that he fell "squarely within the definition of career offender" and that his Guidelines range would be "262 to 327 months."[1] ECF No. 522-2; ECF No. 522-3. Both Eccleston and the Government agree that the characterization of Eccleston as a career offender was incorrect.

In an e-mail to AUSA Lenzner prior to trial, Martin asked the prosecutor how many months of incarceration the Government would seek in a plea agreement. ECF No. 522-7. Martin advised the Government that he "doubt[ed] that [Eccleston] would come in as a co-operator." *Id.* The

---

[1] Two offense levels were added to the base offense level because of Eccleston's exposure to an Obstruction of Justice charge for threatening witnesses.

2

Government responded that "if [Eccleston] doesn't cooperate then he obviously can't get below the mandatory minimum." *Id.* In that same email, Martin stated that Eccleston would "spend the greater part, if not all of his life in prison." *Id.* In his response, AUSA Lenzner stated his belief that Eccleston's sentence would not be "too outrageous." *Id.*

At trial, one of the co-conspirators testified that the conspiracy trafficked in approximately one kilo of powder per month for the 16 months of the charged conspiracy and approximately three ounces of crack per day. ECF No. 297. The jury also found that Eccleston's personal distribution was limited to between 500 grams to 5 kilograms of powder cocaine and less than 28 grams of crack cocaine. *Id.*

At sentencing, the Government asked the court to hold Eccleston responsible for the entire amount of drugs that the conspiracy trafficked, i.e. 16 kilograms of cocaine and more than 8.4 kilograms of crack cocaine, because that amount was "reasonably foreseeable to the defendant." ECF No. 291 at 8-9. While district judges were not and are not bound by the Government's recommendations regarding drug quantities attributable to a particular defendant, they have had an "obligation" at sentencing "to choose a method for interpreting the evidence that ensures that only drug quantities proven by a preponderance are attributed to a defendant." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). Accordingly, while Judge Williams found that Eccleston personally dealt only 5 kilograms or more of cocaine and 280 grams or more of cocaine base, ECF No. 300, ECF No. 328, he determined that Eccleston's criminal activity and relevant conduct involved approximately 16 kilograms of powder cocaine and 28 grams of crack cocaine. This quantity converted to a total of 33,196.4 kilograms of marijuana.[2] ECF No. 297; 18 U.S.C. § 3553.

---

[2] *See* Sentencing Guideline §2D.1.Commentary 8(A)(i): The Drug Equivalency Tables are used to convert the quantity of the controlled substance involved in the offense to its equivalent quantity of marijuana.

3

Under the Sentencing Guidelines in effect in 2013, this amount set a base level offense of 34.[3] Judge Williams added two levels to Eccleston's Offense Level for Obstruction of Justice for threatening the witnesses and determined Eccleston's criminal history to be a Category III. ECF No. 297. These calculations resulted in a recommended range of 235-293 months of imprisonment. Even so, on January 30, 2013, Judge Williams sentenced Eccleston to 210 months on Count One, and 96 months on Counts Eights and Ten, and 210 months on Counts Nine and Eleven, to be served concurrently. ECF No. 293; ECF No. 301.[4]

On January 31, 2013, Eccleston, through Martin, filed a timely appeal to the Fourth Circuit Court of Appeals, which was denied on July 31, 2015. ECF No. 295; ECF No. 458. Eccleston then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on March 21, 2016. *Eccleston v. United States*, 136 S.Ct. 1476 (2016).

On March 16, 2017, Eccleston filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 asking the Court to vacate his sentence due to the ineffective assistance of his trial counsel. ECF No. 522. The Government filed an Opposition on July 12, 2017, ECF No. 530, and Eccleston filed a Reply on August 2, 2017. ECF No. 532. On March 23, 2018, the Court issued a Memorandum Opinion and Order denying Eccleston's Motion to Vacate. ECF Nos. 534, 535. Eccleston filed a notice of appeal to the U.S. Court of Appeals to the Fourth Circuit and a Motion for a Certificate of Appealability on April 26, 2018. ECF Nos. 536, 537. On May 1, 2018, the Fourth Circuit remanded Eccleston's appeal for the limited purpose of determining whether to grant Eccleston a

---

[3] Under the latest Guidelines, which were updated to modify the sentencing levels for controlled substances in 2016, the same amount sets a base level of 32.

[4] Under the current Guidelines, Eccleston's offense level of 34 would result in a sentence range of 188-235 months. However, the court is not obliged to reduce a defendant's term of imprisonment if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of his sentencing. Sentencing Guideline §1B1.10 (b)(2)(B). Eccleston's sentence of 210 months of imprisonment was below the minimum guideline range in effect at the time of sentencing.

4

certificate of appealability. ECF No. 540. On May 2, 2018, the Court issued a Memorandum Opinion and Order denying Eccleston's Motion for a Certificate of Appealability. ECF Nos. 541, 542. The Fourth Circuit affirmed the Court's decision on September 21, 2018 and denied Eccleston's petition for rehearing *en banc* on November 20, 2018. ECF Nos. 545, 547.

On December 6, 2018, Eccleston filed the present Motion to Reduce Sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 549. On January 30, 2019, the Court issued an Order directing the Government to respond within forty-five days. ECF No. 552. The Government filed its Opposition on March 15, 2019, ECF No. 553, and Eccleston filed his Reply on March 29, 2019. ECF No. 554.

## II. ANALYSIS

Amendment 782, effective November 1, 2014, reduced the base offense level for certain drug offenses by two levels under U.S.S.G. § 2D1.1. 18 U.S.C. § 3582(c)(2) provides that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's sentence after considering relevant factors under 18 U.S.C. § 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Courts apply a two-step test to determine whether a sentence reduction is permissible under § 3582(c)(2). First, the court shall "'follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). Section "1B1.10(b)(1) requires the court to begin by determining the amended guideline range that would have been applicable to the defendant had

5

the relevant amendment been in effect at the time of the initial sentencing." *Id.* (internal quotation marks omitted). Second, the court shall "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

As to the first *Dillon* factor, the parties do not dispute that Eccleston is eligible for a sentence reduction. ECF Nos. 549 at 1, 553 at 1, 4. At the time of his original sentence, the guideline range applicable to Eccleston, based on his offense level and criminal history category, was 235 to 293 months. Amendment 782 lowered Eccleston's offense level such that, combined with the criminal history category applied at his sentencing, the revised guideline range became 188 to 235 months. Eccleston asks that his sentence be reduced to 188 months, the low end of the revised guideline range. Accordingly, the first *Dillon* factor is satisfied because Eccleston is eligible for a modification pursuant to Amendment 782.[5]

As to the second *Dillon* factor, § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary." Courts determine an appropriate sentence by considering a set of factors, including:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed—
    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. to afford adequate deterrence to criminal conduct;
    c. to protect the public from further crimes of the defendant; and
    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;

---

[5] Eccleston's initial sentence, 210 months on Count One, and 96 months on Counts Eights and Ten, and 210 months on Counts Nine and Eleven, to be served concurrently, fell below the guideline range in effect at the time of his sentencing. However, when a defendant's original sentence falls below the guideline range in effect at that time, "§ 3582(c)(2) does not preclude a downward departure below the amended guideline range." *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010). Regardless, Eccleston asks that his sentence be reduced to the low end of the revised guideline range, so the fact that his initial sentence fell below the guideline range at the time has no bearing on the Court's decision.

[ . . . ]

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government primarily argues that Eccleston's sentence should not be reduced at all because he remains a threat to public safety, given Eccleston's 2001 conviction for first degree assault involving a handgun in Maryland state court, as well as his assault of a cooperating witness while detained for the offense underlying his current conviction and incarceration. *See* ECF No. 553 at 4–6. Eccleston counters by emphasizing his conduct post-sentencing, during which he has avoided violent altercations and been admitted to a work detail that allows him to venture beyond the boundaries of his correctional institution and enter the public community, as evidence that reducing his sentence would not increase the risk to public safety. *See* ECF No. 554 at 5–7.

While the Court is concerned about certain violent acts in Eccleston's criminal history, it is persuaded that the relatively minimal sentence reduction requested by Eccleston would not increase the risk to public safety, and the reduced sentence would still satisfy the values of punishment and deterrence required by § 3553(a). Reducing Eccleston's sentence to 188 months from 210 months would still require him to serve more than 15 years in custody, a sentence that would continue to "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct."

Other § 3553(a) factors support reducing Eccleston's sentence. Only one defendant out of twenty in the drug conspiracy for which Eccleston is imprisoned received a longer sentence than he—Phillip Whitehurst, the leader of the conspiracy—and nearly all other co-defendants have either been released or are in halfway houses preparing for their release. *See* ECF No. 554 at 8–9. These sentencing discrepancies among co-conspirators weigh in favor of reducing Eccleston's

7

sentence in order to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The Court recognizes that Eccleston's offense of conviction, while serious, was for a non-violent drug offense. The purpose of Amendment 782 and other sentencing reduction initiatives is to "reduce the sentences of non-violent federal drug offenders, so that they are proportional to offenders' individual conduct." *United States v. Espinosa*, Crim. No. PJM 97-343, 2016 WL 3348484, at *3 (D. Md. June 13, 2016) (citing Eric H. Holder, Jr., Att'y Gen., Testimony at U.S. Sentencing Commission (March 13, 2014)). A revised sentence of 188 months still reflects the seriousness of Eccleston's offense and his role in the drug conspiracy, while accounting for his relatively positive post-sentencing conduct. Accordingly, the Court concludes that a revised sentence for Eccleston of 188 months is sufficient, but not greater than necessary, to meet the goals of sentencing. 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Eccleston's Motion for Reduced Sentence under 18 U.S.C § 3582, based on Amendment 782 to the U.S. Sentencing Guidelines.

A separate Order will **ISSUE**.

                                                                 /s/

                                        **PETER J. MESSITTE**
                                  **UNITED STATES DISTRICT JUDGE**

**April 19, 2019**