IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Criminal No. **PJM 11-0567** |
| | * | |
| XAVIER ECCLESTON | * | |
| | * | |
| Defendant | * | |

## **MEMORANDUM OPINION**

Xavier Eccleston has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 564, the Government has responded in Opposition, ECF No. 567, and Eccleston has replied, ECF No. 568. For the reasons set forth below, the Court **DENIES** the Motion.

I.

On August 8, 2012, Eccleston was charged in a Fourth Superseding Indictment with conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 (Count One), use of communications devices to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b) (Counts Eight and Ten), and possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841 (Counts Nine and Eleven). ECF No. 210. A jury found him guilty on all counts. ECF No. 255. The jury also found 500 grams to 5 kilograms of powder cocaine and less than 28 grams of crack cocaine attributable to Eccleston. *Id.*

At sentencing, the Government asked the court to hold Eccleston responsible for the entire amount of drugs that the conspiracy trafficked, i.e. 16 kilograms of cocaine and more than 8.4 kilograms of crack cocaine, because that amount was "reasonably foreseeable to the defendant." ECF No. 555. While Judge Williams found that Eccleston personally dealt only 5 kilograms or

more of cocaine and 280 grams or more of cocaine base, ECF No. 300, ECF No. 328, he determined that Eccleston's criminal activity and relevant conduct involved approximately 16 kilograms of powder cocaine and 28 grams of crack cocaine. *Id.* This quantity converted to a total of 33,196.4 kilograms of marijuana. ECF No. 297; 18 U.S.C. § 3553.

Under the Sentencing Guidelines in effect in 2013, this amount set a base level offense of 34. ECF No. 297. Judge Williams added two levels to Eccleston's total offense level for Obstruction of Justice for threatening the witnesses and determined Eccleston's criminal history to be a Category III. *Id.* These calculations resulted in a recommended range of 235-293 months of imprisonment. *Id.* Even so, on January 30, 2013, Judge Williams sentenced Eccleston to 210 months on Count One, and 96 months on Counts Eights and Ten, and 210 months on Counts Nine and Eleven, to be served concurrently. ECF No. 300.

On January 31, 2013, Eccleston, through counsel, filed a timely appeal to the Fourth Circuit Court of Appeals, which was denied on July 31, 2015. ECF No. 296. Eccleston then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on March 21, 2016. *Eccleston v. United States*, 136 S.Ct. 1476 (2016).

On March 16, 2017, Eccleston, through counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 asking the Court to vacate his sentence due to the ineffective assistance of his trial counsel. ECF No. 522. On March 23, 2018, the Court issued a Memorandum Opinion and Order denying Eccleston's Motion to Vacate. ECF Nos. 534, 535. Eccleston filed a notice of appeal to the U.S. Court of Appeals to the Fourth Circuit and a Motion for a Certificate of Appealability on April 26, 2018. ECF Nos. 536, 537. On May 1, 2018, the Fourth Circuit remanded Eccleston's appeal for the limited purpose of determining whether to grant Eccleston a certificate of appealability. ECF No. 540. On May 2, 2018, the Court issued a Memorandum Opinion and Order

denying Eccleston's Motion for a Certificate of Appealability. ECF Nos. 541, 542. The Fourth Circuit affirmed the Court's decision on September 21, 2018 and denied Eccleston's petition for rehearing en banc on November 20, 2018. ECF Nos. 545, 547.

On December 6, 2018, Eccleston filed a Motion to Reduce Sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 549. On April 19, 2019, the Court, after finding that Eccleston was eligible for a sentence reduction because of the passage of Amendment 782, and after considering the factors under 18 U.S.C. § 3553(a), granted the motion and reduced his sentence to 188 months incarceration. ECF No. 555. Specifically, the Court stated that it was "concerned about certain violent acts in Eccleston's criminal history" but was "persuaded that the relatively minimal sentence reduction requested by Eccleston would not increase the risk to public safety, and the reduced sentence would still satisfy the values of punishment and deterrence required by § 3553(a)." *Id.*

On January 25, Eccleston, *pro se*, filed a Motion for Relief from Final Judgment of the Order denying his Motion to Vacate. ECF No. 561. On June 18, 2020, Eccleston filed, through counsel, the present Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 564. The Government has responded, ECF No. 567, and Eccleston has replied, ECF No. 568. The Motion is now ripe for the Court's consideration.

II.

Until recently, courts lacked authority to entertain compassionate release requests of defendants except upon motion of the Director of the Bureau of Prisons. *See, e.g.*, *United States v. Fletcher*, 2014 WL 12824234 (D. Md. Apr. 14, 2014). However, the 2018 First Step Act, among other things, amended § 3582(c) so as to allow courts to consider compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If a defendant has exhausted his administrative remedies, a court "may reduce the term of imprisonment... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that... (i) extraordinary and compelling reasons warrant such a reduction." *Id.* The defendant generally bears the burden of establishing that a sentence reduction is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Riley*, 2020 WL 3034843, at *5 (D. Md. June 4, 2020); *United States v. Edwards*, 2020 WL 1650406, at *3 (W.D. Va. Apr. 2, 2020); *United States v. Stowe*, 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019).

In 28 U.S.C. § 994(t), Congress delegated to the U.S. Sentencing Commission the authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." In U.S.S.G. § 1B1.13, the Sentencing Commission provided examples of "extraordinary and compelling reasons" and mandated that the defendant must also not present "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the reduction must be otherwise consistent with U.S.S.G. § 1B1.13.

III.

Before a court evaluates the merits of the motion, the defendant must demonstrate that he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Eccleston filed such a request with the warden, which was denied on April 22, 2020. ECF No. 564-1. He appealed on April 28, 2020, and 30 days have lapsed. *Id.* As such, it is uncontested that Eccleston has exhausted his administrative remedies.

The Court considers, then, whether Eccleston has demonstrated "extraordinary and compelling reasons" for relief under 18 U.S.C. § 3582(c)(1)(A). The Government argues that Eccleston has not demonstrated "extraordinary and compelling reasons," as defined in U.S.S.G. § 1B1.13. While Eccleston concedes that his circumstances are not "extraordinary and compelling" as defined in U.S.S.G. § 1B1.13, he claims that the Court is not constrained by the definitions set forth in U.S.S.G. § 1B1.13, and may conduct its own assessment of whether "extraordinary and compelling" reasons exist.

U.S.S.G. § 1B1.13 has not been updated since the passage of the First Step Act. *See United States v. Gagne*, 2020 WL 1640152, at *2 (D. Conn. Apr. 2, 2020). For example, it states that a court may reduce a term of imprisonment only "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)," which is clearly inconsistent with the current language of 18 U.S.C. § 3582(c)(1)(A), which allows the defendant to file a motion as well. Further, "cabining the application of § 3582 to the scenarios set forth in the commentary accompanying U.S.S.G. § 1B1.13 is contrary to the [First Step Act], which Congress enacted to remove the BOP as the gatekeeper of compassionate release." *Wise v. United States*, 2020 WL 2614816, at *5 (D. Md. May 22, 2020). As such, courts across the country, including this Court, have held that a district court has independent discretion to determine the "extraordinary and compelling reasons" that warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Decator*, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (stating that while "Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests

courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence"); *see also United States v. Mel*, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020); *United States v. Morrison*, 2020 WL 3447757, at *3 (D. Md. June 24, 2020); *United States v. Gutman*, 2020 WL 2467435, at *2 (D. Md. May 13, 2020); *United States v. Redd*, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020).

The Court has already held in *United States v. Barringer*, 2020 WL 2557035 (D. Md. May 19, 2020) and *United States v. McRae*, 2020 WL 3791983 (D. Md. July 7, 2020) that, in light of the passage of the First Step Act, U.S.S.G. § 1B1.13 and BOP criteria are "helpful guidance," but that a court has independent discretion to determine whether there are "extraordinary and compelling reasons" for release. The Court is also in accord with the judges of this district and many courts nationwide that in current circumstances, given the difficulties of social distancing while incarcerated and the spread of COVID-19 in BOP facilities during the current COVID-19 pandemic, a defendant may present "extraordinary and compelling reasons" for release if he has a serious medical problem that places him at high risk for complications if he contract COVID-19. *See, e.g., Morrison,* 2020 WL 3447757, at *4; *United States v. Riley*, 2020 WL 3034843, at *6 (D. Md. June 4, 2020); *Wise*, 2020 WL 2614816 at *7.

However, Eccleston, 43 years of age, concedes that he does not have any underlying medical conditions that make him more suspectible to the effects of COVID-19, instead arguing that his incarceration at Federal Medical Center Devens ("FMC Devens") during the present pandemic is in itself an "extraordinary and compelling" reason for release. He submits that the pandemic, and his incarceration at a medical facility with confirmed inmate cases were "unforeseen," and have "sufficiently increased the severity of the sentence beyond what was originall anticipated."

However, Eccleston does not cite, and the Court has not found any cases where a defendant demonstrated "extraordinary and compelling reasons" for release solely based on the fact of his incarceration at a facility with COVID-19 outbreaks, even at a medical facility such as FMC Devens. If anything, judges of this Court have held the opposite—that more is required. *See, e.g., United States v. Martin*, 2020 WL 3833390, at *2 (D. Md. July 8, 2020); *United States v. Jenkins*, 2020 WL 3869001, at *5 (D. Md. July 9, 2020); *United States v. Brown*, 2020 WL 3833284, at *3 (D. Md. July 8, 2020).

And for good reason. Compassionate release is a "rare" remedy. *Jenkins*, 2020 WL 3869001 at *3; *see also United States v. Mangarella*, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020). Though due to the COVID-19 pandemic, compassionate release has, correctly, been granted much more frequently, the pandemnic is still "not tantamount to a 'get out of jail free' card." *United States v. Williams*, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020). Incarceration at a facility with a COVID-19 outbreak, even a medical facility, without anything more, is simply not an "extraordinary and compelling reason" for relief. The Bureau of Prisons ("BOP") has taken a series of steps to combat the spread of COVID-19 within the BOP system, as detailed in the Government's response, and while the Court does not believe that these efforts will completely prevent the spread of COVID-19, the BOP appears to have contained the spread, for now, at FMC Devens. As of. July 14, 2020, there are only 9 active confirmed inmate cases at FMC Devens—a marked decrease from the 53 confirmed inmate cases Eccleston states the facility had as of June 17, 2020.

As such, Eccleston has not demonstrated "extraordinary and compelling reasons" for release pursuant to 18 U.S.C. § 3582(c)(1)(A).

V.

Because Eccleston has not demonstrated "extroadrinary and compelling reasons" for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court need not address the factors outlined in 18 U.S.C. § 3553(a). The Court, however, notes that it analyzed the § 3553(a) factor in its April 19, 2019 opinion granting a sentence reduction, and found that a reduction in Eccleston's sentence from 210 months to 188 months "would still require him to serve more than 15 years in custody, a sentence that would continue to 'reflect the seriousness of the offense,' 'provide just punishment for the offense,' and 'afford adequate deterrence to criminal conduct.'" ECF No. 555. Not much has changed since the Court issued its April 19, 2019 opinion, and given that Eccleston has only served 55% of his sentence, even if he had demonstrated "extraordinary and compelling reasons," the Court would still have likely found that the § 3553(a) factors counsel against relief.

V.

Taking all the foregoing into account, the Court concludes that Eccleston has not demonstrated "extraordinary and compelling reasons" for release. Accordingly, Eccleston's Motion for Compassionate Release, ECF No. 564, is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

July 15, 2020